[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 9, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-15930

_____

D.C. Docket No. 98-00329-CR-14-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOWARD RAYMOND PONDER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 9, 2005)**

Before BARKETT, HILL and FARRIS*, Circuit Judges.

_____

*The Honorable Jerome Farris, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM:

## I.

This is an appeal from the district court order dated July 8, 2003, granting the government's motion for reconsideration nunc pro tunc, setting aside its January 9, 2002 order granting defendant's initial motion for return of his seized currency, and denying his motion for return of the money. Based upon the following, we affirm the judgment of the district court.

## II.

Defendant-appellant Howard Raymond Ponder claims that currency of approximately $3600 was illegally seized from him when he was arrested on May 2, 1998. He filed a motion pursuant to Fed.R.Crim.P. 41(e)[1] for the return of that money.

At the first evidentiary hearing, the government argued that any funds taken from Ponder were forfeitable as drug related proceeds. Ponder argued that the funds originated from a $10,000 loan he had received in order to reestablish himself in the used car business and were not drug-related.

When the government was asked at hearing by the court to produce the proper forfeiture documents pertaining to the money seized, it was unable to do so.

---

[1] As of December 1, 2002, Rule 41(e) was reorganized as Rule 41(g).

Ponder had not received proper notice. The forfeiture documents had been sent to his residence of record rather that to the penal institution in which he was then detained. In response, the district court appointed counsel for Ponder and a second evidentiary hearing was held.

Based upon the evidence presented both at trial and during the two evidentiary hearings, the district court found it incredible that the source of the money found on Ponder's person when he was arrested was from legitimate loan proceeds as opposed to drug proceeds.[2] We agree.

### III.

The federal rules of criminal procedure provide that "[a] person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property." Fed.R.Crim.P. 41(3).[3] Statutory guidelines illustrate the type of property subject to forfeiture. 21 U.S.C. § 881(a). Funds are subject to forfeiture if they were either moneys "furnished or intended to be furnished . . . in exchange

---

[2] Ponder had a twenty year history of being involved in illegal drug transactions. In addition, testimony at trial showed that between April 28, 1998 and the date of arrest and seizure, May 2, 1998, Ponder had spent between $16,000 and $20,000 to purchase between two and two and one-half pounds of amphetamine and methamphetamine.

[3] See note 1 supra.

for a controlled substance or listed chemical" or "proceeds traceable to such an exchange." 21 U.S.C. § 881(a)(6).

It is clear that the government's original contention that these funds were forfeitable was incorrect. Service had been faulty. However, in the two evidentiary hearings held in this case, the issue of whether or not the $3600 in currency was drug money <u>vel</u> <u>non</u> was, without objection, fully litigated and the defendant lost. The district court heard evidence, evaluated credibility and found that the funds were subject to forfeiture. We agree with the district court that the sum was either moneys "furnished or intended to be furnished" for drugs or "proceeds traceable" to a drug exchange. <u>See</u> Section 881(a)(6).

## IV.

Based upon the foregoing, we conclude that the district court was correct in denying Ponder's Rule 41(e) motion for return of the money. The judgment of the district court is affirmed.

**AFFIRMED.**